IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

WILSON OIL COMPANY, INC.,            )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )          CIVIL ACTION  NO.  02-F-358-F
                                     )                 (WO)
CROWN CENTRAL PETROLEUM              )
COMPANY, *et al.,*                   )
                                     )
    Defendants.                      )

## MEMORANDUM OPINION AND ORDER

### INTRODUCTION

Plaintiff Wilson Oil Company, Inc. ("Wilson Oil") brings this action seeking injunctive relief, civil penalties, and attorneys' fees against Defendants Crown Central Petroleum Company ("Crown") and D & D Oil Company, Inc. ("D&D") for violations of the Alabama Motor Fuel Marketing Act ("AMFMA" or "Act"). This cause is presently before the Court on the Motion to Dismiss (Doc. #13) filed by Defendant Crown on May 15, 2002 and the Motion to Dismiss (Doc. #15) filed by Defendant D&D on May 14, 2002. After reviewing the submissions of the parties the Court finds, for the reasons set forth below, that both motions are due to be DENIED.

### DISCUSSION

In their motions, the Defendants have argued that the Plaintiff has failed to sufficiently establish this Court's subject matter jurisdiction under 28 U.S.C. § 1332, and therefore, this cause is due to be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). Both

Defendants contend that the Plaintiff has not alleged adequate facts to satisfy the $75,000 amount in controversy requirement in diversity jurisdiction cases.[1]

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)*; Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal tribunals have only the power to hear cases they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen*, 511 U.S. at 377. Subject matter jurisdiction is an essential element of properly invoked federal jurisdiction, and an action must be dismissed any time it becomes apparent that a case is not justifiably before a federal court. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). In civil cases where subject matter jurisdiction is premised on diversity of citizenship, jurisdiction is proper "where the amount in controversy exceeds $75,000 and the action is between 'citizens of different States.'" *Sweat Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005) (quoting 28 U.S.C. § 1332(a)(3)).

While the burden of establishing federal subject matter jurisdiction rests on the party seeking to invoke it, the court will normally accept the plaintiff's good faith assessment of the value of a claim. *See St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). However, if the plaintiff does not assign a specific value to a claim, a more

---

[1] There is no dispute that the parties are diverse in citizenship.

searching inquiry is necessary. *Id.* Where the plaintiff seeks an injunction against specific

conduct, the amount in controversy corresponds with the value of the object of the litigation

to the plaintiff. *See Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347

(1977); *Ericsson GE Mobile Comm., Inc. v. Motorola Comm. & Elec., Inc.*, 120 F.3d 216,

218-20 (11th Cir. 1997) (adopting "plaintiff-viewpoint" rule in determining value of

injunctive relief). This amount will often be reflected by the decrease in value visited upon

the plaintiff's business by the challenged action if left unabated. *See Hunt*, 432 U.S. at 347.

In this regard, the Defendants have argued in their motions that jurisdiction is lacking

in this case because (1) the Plaintiff is ineligible to recover the civil penalties under the Act,

and (2) the putative value of the injunction sought by the Plaintiff is less than the requisite

$75,000 even when combined with a reasonable amount of attorneys' fees. As an initial

matter, the Court agrees with the Defendants' first assertion. The Plaintiff is not eligible to

recover the civil penalties under the Act and must establish proper jurisdiction with reference

to only injunctive relief and attorneys' fees. *See Home Oil Co., Inc. v. Sam's East, Inc.*, 252

F. Supp. 2d 1302, 1311-13 (M.D. Ala. 2003).

Thus, the Plaintiff's basic argument in favor of federal jurisdiction is that the

Defendants have engaged in anti-competitive pricing practices that, if allowed to continue,

will result in a loss to the Plaintiff of greater than $75,000 when combined with the

Plaintiff's attorneys' fees related to this matter.[2] The Defendants have endeavored to refute

---

[2] The Court is not persuaded by the Defendants' attempt to narrowly define the permissible range of inquiry in this matter. Although, the Plaintiff specifically listed only three

this possibility by arguing that the value of the injunctive relief is "too speculative and immeasurable" to satisfy the amount in controversy requirement. The Defendants have taken particular issue with the admissibility of an affidavit in support of jurisdiction by Wilson Oil Vice President Stephen Wilson, Sr. ("Mr. Wilson") as impermissible lay opinion testimony.[3] The affidavit asserts that Wilson Oil incurred a loss of $51,492.10 because of the Defendants' activities during the time period between September 2001 and February 2002 and that Wilson Oil will continue to occasion similar losses if the Defendants' allegedly unlawful conduct persists.

The Defendants argue that the Wilson affidavit lacks a proper foundation and must be excluded. In particular, the Defendants contest the qualifications of Mr. Wilson to attest to the allegations of the affidavit and assert that the accusations contained therein are conclusory and unsupported. However, many courts in similar circumstances have admitted statements by executives and business owners to show the potential loss to the witness' company. *See, e.g.*, *Reeder-Simco GMC, Inc. v. Volvo GM Heavy Truck Corp.*, 374 F.3d 701, 714-15 (8th Cir. 2004) (permitting co-owner of a business to testify about lost profits and business value); *Mississippi Chem. Corp. v. Dresser-Rand Co.*, 287 F.3d 359, 373 (5th

---

of its stations in its complaint, it also stated that other locations had incurred injury.

[3] Federal Rule of Evidence 701 reads: "If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

Cir. 2002) (collecting cases allowing lost profit testimony where the witness has direct

knowledge of the accounts at issue); *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256,

265 (2d Cir. 1995) (allowing testimony of the plaintiff company's president and finding he

"was fully capable of examining the company's sales over a period of years, noting a slow-

down, and testifying to the estimated losses attributable to the [unlawful] activities of the

[defendants]."); *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1174-76 (3d Cir. 1993)

(allowing business owner to give lay testimony as to damages based on knowledge and

participation in day-to-day affairs).  In accordance with these cases, the Court finds that Mr.

Wilson has "a personalized knowledge of the facts underlying his opinion" and that "the

opinion [has] a rational connection to those facts." *Mississippi Chem. Corp*, 287 F.3d at 373.

Hence, the Court will consider the statements of Mr. Wilson and the financial information

that accompanies the affidavit in its analysis of jurisdiction.[4]

As a result, the Court finds that the Plaintiff has adequately alleged sufficient facts to

sustain federal jurisdiction over this case.  The value of injunctive relief is necessarily

forward-looking, and the Court has no trouble believing that the Plaintiff will incur damages

that surpass the statutory minimum if the allegedly wrongful conduct remains unabated.

According to the Wilson affidavit, the Plaintiff lost over $50,000 in the six-month period

---

[4] To the extent the Defendants take issue with the persuasive quality of the affidavit, the Court is not at liberty to analyze the merits of the Plaintiff's case at this point and must resolve all factual disputes in favor of the non-moving party.  At this early stage in the litigation, the Court is obliged to accept the facts as stated in the affidavit and withhold judgment on challenges to the qualifications of Mr. Wilson and the factual accuracy of his statements.

during which the purported infractions of the AMFMA occurred.  Thus, assuming the

Plaintiff's allegations to be true, the injunction could be expected to reach a value of $75,000

within nine months.  This valuation demonstrates a present probability that the damages will

exceed the statutory minimum and is not overly speculative or immeasurable.  *See Premier*

*Indus. Corp. v. Tex. Indus. Fastener Co.*, 450 F.2d 444, 446-47 (5th Cir. 1971).[5]

In addition, the Plaintiff seeks to have its attorneys' fees considered in the

computation of the amount in controversy.  Attorneys' fees are an allowable component of

the amount in controversy where such fees are made recoverable by statute.  *Federated Mut.*

*Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808n.4 (11th Cir. 2003) (citing *Graham*

*v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981)).  Under the AMFMA, a successful Plaintiff

is entitled to an award of attorneys' fees, thus, reasonable projections of the total cost of these

fees may be include in the amount in controversy.  Ala. Code § 8-22-17(b).

According to the Wilson affidavit and an affidavit submitted by Wilson Oil's counsel,

the cost of attorneys' fees alone could well exceed the $75,000 threshold in this matter.

These estimates are based on prior experiences by the Plaintiff's counsel in cases involving

the very issues present in this case.  The Court does not find it necessary to make an exact

determination of the quantity of fees that will likely result in this action but instead is

adequately assured that these amounts, when combined with the potential value of the

---

[5] Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding
authority in the Eleventh Circuit.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.
1981) (en banc).

injunction, are enough to maintain this Court's subject matter jurisdiction.  Therefore, the

Defendants' motions must be DENIED.

## CONCLUSION

For the reasons stated above, it is hereby ORDERED that the Defendants' Motions

to Dismiss (Doc. #13 & #15) are DENIED.  In addition, the Plaintiff's Motion for a Ruling

(Doc. #27) is DENIED as moot.

DONE this 6th  day of December, 2005.


_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE